SUMMARY ORDER

Gueibin Chen, a native and citizen of the People’s Republic of China, seeks review of a March 7, 2008 order of the BIA affirming the June 15, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Gueibin Chen, a/k/a Gui Bing Chen, No. A98 719 198 (B.I.A. Mar. 7, 2008), aff'g No. A98 719 198 (Immig. Ct. N.Y. City Jun. 15, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA affirms the IJ’s decision in all respects but one, we review the IJ’s decision as modified by the BIA’s decision, i.e., “minus the single argument for denying relief that was rejected by the BIA.” Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Here, we review the IJ’s credibility and burden of proof findings, but not her frivolousness finding, which the BIA rejected. Id. We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008); Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007).
We conclude that the agency’s adverse credibility finding is supported by substantial evidence where it was based on two inconsistencies between Chen’s testimony and her application for asylum. For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). We “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain *645 that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Here, the IJ properly noted that Chen’s testimony that family planning cadres came to her home, gave her a pregnancy examination, and then ordered her to report for periodic examinations, was inconsistent with her sworn statement that the cadres left after her mother convinced them that Chen was not pregnant. Because Chen’s testimony was clearly inconsistent with her asylum application on this matter, the IJ did not err in relying on those inconsistencies in finding that she was not credible. See 8 U.S.C. § 1158(b)(l)(B)(iii).
To the extent that Chen based her claim for withholding of removal and CAT on the same factual predicate as her asylum claim, those claims necessarily also fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
To the extent that Chen based her claim on a fear of future harm on account of her pregnancy in the United States, the adverse credibility determination is not dis-positive. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Nevertheless, the agency properly found that she failed to establish eligibility for relief on that basis. We have held that a fear of persecution under the family planning policy is not objectively reasonable where an applicant only has one child because such a claim may appropriately be considered “speculative.” Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir.2005). Here, the IJ properly found that there was no “solid support” in the record for Chen’s contention that she would be persecuted in China on account of her pregnancy in the United States. Id. Accordingly, the IJ’s denial of Chen’s asylum claim based on her fear of future persecution was supported by substantial evidence. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). And, because Chen was unable to show the objective likelihood of persecution needed to make out her asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul, 444 F.3d at 156; Gomez v. INS, 947 F.2d 660, 665 (2d Cir.1991).
Finally, Chen fails to indicate anything in the record that would compel the conclusion that she would more likely than not be tortured. The IJ’s denial of CAT relief was therefore proper. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur, 494 F.3d at 289.
We have considered all Chen’s other arguments and find them meritless. Accordingly, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.